UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAURA MEDINA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-23-CV-00112-DCG |
| | § | |
| ROSS STORES, INC., and ROSS DRESS FOR LESS INC. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LAURA MEDINA (hereinafter referred to as "Plaintiff"), complaining of ROSS STORES, INC. and ROSS DRESS FOR LESS INC. (collectively called "Defendants"), for a cause of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is a citizen and resident of El Paso County, Texas. Plaintiff's last three numbers of her Social Security number are 468.

2. Defendant ROSS STORES, INC, is a Virginia Corporation doing business in El Paso County, Texas and may be served with process by serving its authorized agent, CT CORPORATION SYSTEM., or any other authorized officer or agent therein at 1999 Bryan St., Ste 900 Dallas, Texas 75201and/or where ever they may be found.

3. Defendant ROSS DRESS FOR LESS, INC, is a Virginia Corporation doing business in El Paso County, Texas and may be served with process by serving its authorized agent, CT CORPORATION SYSTEM., or any other authorized officer or agent therein at 1999 Bryan

St., Ste 900 Dallas, Texas 75201and/or where ever they may be found

## II. FACTS

4. The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about June 2, 2022 in El Paso County, Texas.

5. At such time and place, Plaintiff, in the scope and course of her employment with Defendants, was carrying a box when she tripped on a wheel facing out into the aisle and fell onto her knees.

6. The day in question, Defendants were short staffed, and Plaintiff was told to stand in both lines where the carts of merchandise were being unloaded.

7. Defendants, in the exercise of ordinary care, knew or should have known of the dangerous condition of placing Plaintiff in between carts while unloading boxes.

8. Further, with knowledge of the dangerous conditions, Defendant negligently failed to correct the dangerous condition for Plaintiff.

9. As result of Defendants' negligent, Plaintiff suffered severe bodily injury. In addition, Defendants failed to become subscribers under the Worker's Compensation Act of this State.

## III.   DEFENDANTS' DUTY

10. Under Texas law, Defendants, had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.)  Defendants failed to ensure a safe workplace for Plaintiff.

11. Defendants failed to become a subscriber under the Worker's Compensation Act of this State.

## IV. NEGLIGENCE/GROSS NEGLIGENCE OF DEFENDANTS

12. Alternatively, and without waiving the foregoing, at the time of the incident, Laura Medina, was within the course and scope of her employment with Defendants.

13. Under Texas law, Defendants had a non-delegable duty to provide a safe workplace, safe tools, equipment and appliances; to establish and enforce safety rules and regulations for the safety of its employees and other duties. (See Tex.Lab.Code § 41 1.103).

14. Defendants were negligent and grossly negligent in proximately causing Plaintiff's injuries.

15. On June 2, 2022, Defendants failed to provide Plaintiff a safe work place by directing her to stand in an unsafe area while carrying boxed.

16. Defendants breached their duty of care to Plaintiff in one or more of the following alternative theories of negligence:

   a. Failure to provide a reasonably safe environment for its workers in violation of Tex. Lab. Code §411.103;
   b. Failure to inspect the lanes for dangerous conditions;
   c. Directing Plaintiff to stand in both lanes;
   d. Failure to staff enough employees;
   e. Failure to correct dangerous conditions which Defendants knew of, or in the use of ordinary care, should have known otherwise;
   f. Failure to establish and enforce safety rules/regulations and inspection of the landing gears;
   g. Failure to adequately train, educate, or provide instructions and orders to employees;
   h. Negligent supervision;
   i. Failure to warn Plaintiff of the dangers;
   j. Failure to properly train Plaintiff;
   k. Failure to follow its own policies and procedures;
   l. Failure to enforce its policies and procedure;
   m. Failure to properly train employees;
   n. Failure to establish safety policies and procedures;
   o. Failure to provide adequate and competent co-employees;
   p. Failure to provide Plaintiff with safe and suitable truck;

q. Other acts of negligence to be determined through the course of litigation.

17. One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described above.

## V. NON-VALID/ UNENFORCEABLE ARBITRATION AGREEMENT

18. Plaintiff denies that a valid Arbitration agreement exists. Plaintiff would show that Defendants alleged Arbitration agreement and Injury Plan, if any, are void and invalid for one or more of the following alternative reasons:

a. Defendant engaged in a pattern and practice of having employees sign Arbitration Agreements disguised as hiring documents.
b. The Federal Arbitration Act does not apply. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed. 2d 234(2001).
c. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
d. It is void in violation of Texas Labor Code §406.033(e) and 406.035.
e. Defendant engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
f. The Arbitration and Plan is illusory.
g. The documents are procedurally and substantively unconscionable.
h. The documents were executed based on fraud in the inducement and under duress.
i. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).
j. Under the Texas Constitution, Plaintiff is entitled to a jury trial on these issues. Plaintiff requested a jury trial on issues of fraud, misrepresentation, and issues of consideration. The court cannot ignore this request.
k. Plaintiff had no understanding of this document.
l. The purported agreement violates the Tenth Amendment of the United States Constitution.
m. The Arbitration agreement is against public policy.

## VI. DAMAGES

19. As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries to her body. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses.

20. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services.

21. Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

22. As a result of the occurrence, Plaintiff was prevented from working and has lost wage earning capacity.

23. Plaintiff will continue to suffer a loss of wage-earning capacity in the future.

24. As a result of the occurrence, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future.

25. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future.

26. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future.

27. As a further result of the occurrence, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future.

28. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.

29. Plaintiff has suffered disfigurement.

30. Plaintiff has suffered damages within the jurisdictional limits of this Court.

31. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still being determined.

32. At this early stage of the proceedings, Plaintiff requests the jury be fair and

reasonable in its determination of actual damages in an amount over $200,000 but not over $1,000,000.

## VII. JURY REQUEST

33.     Plaintiff respectfully requests a trial by jury of the issues in this case.

## VIII. CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**MENDEZ ISAAC JOUDI, PLLC**
Attorney for Plaintiff
320 Texas Ave, Suite
300 El Paso, Texas
79901 (915) 444-1000
(915) 209-7200 (Facsímile)
Tjoudi@mijlawfirm.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**
State Bar No. 24065479

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**William O. Ashcraft**
Ashcraft Law Firm
3850 Republic Center
325 North St. Paul Street
Dallas, Texas 75201
(214)987-0660
(214)751-8970 (fax)
woa@ashcraftlawfirm.com

*/s/ Tiffany N. Joudi*
**TIFFANY N. JOUDI**